United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WINDOW SYSTEMS OF TEXAS, | § | |
| INC. | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 23-33685 |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED CONSENSUAL PLAN OF REORGANIZATION
### (Docket No. 92)

On April 8, 2024 the Court conducted a confirmation hearing on the Debtor's First Amended Subchapter V Plan of Reorganization filed August 10, 2023 pursuant to 11 U.S.C. § 1129(a) and 1191. After hearing evidence, the Court finds as follows:

1. The Second Amended Subchapter V Plan of Reorganization (Docket No. 92) ("Plan"), and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. It is

ORDERED and ADJUDGED that:

1) The Second Amended Subchapter V Plan of Reorganization is hereby CONFIRMED as a consensual plan under 11 U.S.C. §§ 1191(a) and 1129(a). The Debtor will act as the Disbursing Agent to make all payments to creditors pursuant to the terms of the Plan.

2) In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any

transactions contemplated thereby or by this Order in accordance with their respective terms.

3) Kawneer Company Inc. ("Kawneer") filed a proof of claim (Court Claim No. 15) that included a priority claim in the amount of $25,875.38, which was asserted under section 503(b)(9) of the Bankruptcy Code (the "503(b)(9) Claim"). Debtor shall pay an amount equal to $25,314.82, less any amount Kawneer receives from a third party on account of the 503(b)(9) Claim, within 90 days of the Effective Date of the Plan. Kawneer and Debtor reserve all of their respective rights with respect to the remainder of Kawneer's proof of claim.  To the extent all or any portion of the remainder of Kawneer's proof of claim is allowed, such portion shall be treated in accordance with the treatment for Class 4 Claimants under the Plan.

4) The Internal Review Service ("IRS") Claim in the amount of $19.574.83 (Claim No. 3-2) shall be paid in full on the effective date of the Plan. The IRS shall not be required to file any proof of claim, motion, or request for payment in order to be paid any Administrative Claims for taxes that arise or have arisen in the ordinary course of the Debtor's business, including all post-petition taxes incurred by the Debtor after the Petition Date. All Administrative Claims owed to the IRS shall be paid in full with applicable interest through the date payment is made on or before the Effective Date, or as otherwise agreed by the IRS, whichever is the respective agency claimant for such Administrative Claim. If any Administrative Claim owed to the IRS is not due on the Effective Date, then such Administrative Claim shall be paid in the ordinary course of business in accordance with applicable law.

5) On the Effective Date of the Plan, all property of the bankruptcy estate shall vest in the Debtor pursuant to 11 U.S.C. § 1141(b). If the Debtor defaults in performing under the provisions of the Plan and the Chapter 11 case is converted to Chapter 7, all property vested in the Debtor, and all subsequently acquired property owned as of or after the conversion date shall revest and constitute property of the bankruptcy estate in the Chapter 7 case.

6) Within 3 days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

7) No later than fourteen (14) days from the effective date of the confirmed plan, all professionals, including the Subchapter V Trustee, must file all final fee applications, pursuant to Fed. R. Bankr. P. 2016.

8) The Trustee shall be terminated of his duties upon substantial consummation of the Plan (per § 1183(c)(1)).

9) On the Effective Date, the Debtor shall be discharged as provided in 11 U.S.C. § 1141.

10) This Court retains jurisdiction to interpret and enforce the Plan and this Order.

SIGNED:

Signed: May 08, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

APPROVED BY:

THE LANE LAW FIRM, PLLC
*/s/  A. Zachary Casas*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
A. Zachary Casas
zach.casas@lanelaw.com
State Bar No. 24097469
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
COUNSEL FOR DEBTOR

*/s/ Hector Duran*
Hector Duran
Trial Attorney
TX State bar No. 00783996
515 Rusk, Suite 3516
Houston, Texas 77002
Telephone: (713) 718-4664
Fax: (713) 718-4680
hector.duran.jr@usdoj.gov
COUNSEL FOR US TRUSTEE

*/s/ Brendon Singh*
Brendon Singh
2502 La Branch Street
Houston, TX 77004
Telephone: 832-975-7300
bsingh@ts-llp.com
SUB V TRUSTEE